### THE WILLIAM E. CLEARY.

#### THE VIVA.

(District Court, D. Massachusetts. March 4, 1902.)

Nos. 607, 608.

MARITIME LIENS—SUPPLIES—MASSACHUSETTS STATUTE.

Vessels which went from Boston to Scituate, where they were employed for two weeks, left the port of Boston, within the meaning of Pub. St. Mass. c. 192, § 14 et seq., giving a lien for supplies where a statement is filed within four days after the vessel departs from the port where the supplies were furnished.[1]

---

[1] Maritime liens for supplies and services, see note to The George Dumois, 15 C. C. A. 679.

In Admiralty. Suit to enforce a statutory lien for supplies furnished.

Albert P. Worthen, for libelant.

Frank H. Stewart, for Lockwood Mfg. Co.

David Benshimol and Julius Nelson, for respondent.

LOWELL, District Judge. These are libels to enforce the lien for supplies which is given by Pub. St. Mass. c. 192, § 14 et seq. The goods were supplied in Boston in 1894. More that four days before the statutory statement was filed in the office of the city clerk, the vessels had left Boston, and had gone to Scituate. There they were engaged for about a fortnight in getting coal out of a vessel stranded on the beach. At night they generally went into the harbor of Scituate for a better anchorage, and there procured certain supplies. The question to be determined by the court is this: Had these vessels left the port of Boston, within the meaning of section 15? In The Helen Brown (D. C.) 28 Fed. 111, Judge Nelson held that a trip to Lynn and return, completed on the same day, was a departure from the port of Boston. In The White Fawn (an unreported case, decided in 1898) I held that Weymouth was in the port of Boston, and observed "that the southern limit of the port of Boston must be taken to be, substantially, Point Allerton." In the argument addressed to the court, reference was made to cases and statutes concerned with the delimitation of the port of Boston for pilotage and other purposes unconnected with the lien for supplies. After the cases of The Helen Brown and The White Fawn, it appears to me best to abide by the opinion therein expressed until that opinion shall be overruled by the circuit court of appeals.

Unless it can be shown that some part of the supplies was furnished after the return of the vessels from Scituate to Boston, the libels must be dismissed, with costs.